# EXHIBIT A

```
CASE  19-C-944        KANAWHA                    PAGE    1

JULIA TYSON                  vs. UNION CARBIDE CORPORATION, A S


LINE   DATE    ACTION

    1 09/19/19  # CASE INFO SHEET; COMPLAINT; ISSUED SUM & 4 CPYS; F FEE; RCPT
    2             574813; $230.00
    3 10/18/19  @ LET FR SS DTD 10/15/19; SUM W/RET ON C & DISCOV (10/15/19 SS)
    4             AS TO UNION CARBIDE CORP
    5 10/18/19  @ LET FR SS DTD 10/15/19; SUM W/RET ON C & DISCOV (10/15/19 SS)
    6             AS TO DOW CHECM
    7 10/22/19  # (2) E-CERTS FR SS
```

A TRUE COPY TESTE: CIRCUIT COURT KANAWHA COUNTY, W.VA. CLERK

FILED

2019 SEP 19  AM 9: 12

CATHY S. GAISON, CLERK
KANAWHA COUNTY CIRCUIT COURT

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**JULIA TYSON,**

    **Plaintiff,**

**v.**                         Civil Action No: 19-C-944
                                  Judge: Bailey

**UNION CARBIDE CORPORATION,**
**A subsidiary of THE DOW CHEMICAL COMPANY, and**
**THE DOW CHEMICAL COMPANY,**

    **Defendants.**

## COMPLAINT

    COMES NOW the Plaintiff, Julia Tyson, by counsel, and for her Complaint against Defendant Union Carbide Corporation, a subsidiary of The Dow Chemical Company, and Dow Chemical Company, states as follows:

### PARTIES

    1.  At all relevant times, the Plaintiff, Julia Tyson was a resident of Kanawha County, West Virginia.

    2.  At all relevant times, Union Carbide Corporation was corporation that was regularly conducting business in Institute, Kanawha County, West Virginia.  At the time of these events, Union Carbide Corporation ("Union Carbide") was a subsidiary of the Dow Chemical Company ("Dow Chemical").

    3.  At all relevant times, Defendant Dow Chemical was a corporation that was regularly conducting business in West Virginia, including the operations of its subsidiary Union Carbide at Institute, West Virginia.

4.   Defendants Union Carbide and Dow Chemical were in the business of producing chemical polymers, serving markets including paints and coating, packaging, wire and cable, household products, personal care, pharmaceuticals, automotive, textiles, agriculture, and oil and gas products.

5.   Upon information and belief, Upon information and belief, Defendants Union Carbide and Dow Chemical are identical corporate entities and/or are alter egos of one another, as both perform the same business activities described herein and share the same mailing address located in Michigan.   Union Carbide and Dow Chemical are principle/agents, and/or subsidiary corporations of one another for which vicarious liability attaches for the acts of each to the other.

## JURISDICATION AND VENUE

6.   The Plaintiff's allegations, more fully described hereinafter, involve West Virginia common law and statutory causes of action, including those pursuant to W.Va. Code §5-11-1 et seq.  Subject matter jurisdiction is therefore appropriately vested in this court.

7.   The Plaintiff's allegations, more fully described hereinafter, occurred in Kanawha County, West Virginia, making venue appropriate pursuant to W.Va. Code §56-1-1.

## FACTS

8.   The Plaintiff, Julia Tyson, was at all times relevant herein employed by Defendant Union Carbide as a Chemical Operator at its Dow Chemical facility in Institute, WV, beginning on December 1, 1986.

9.   During the time of Plaintiff's employment, she consistently performed her duties in a satisfactory manner and met the reasonable expectations of the Defendant.   Throughout the years of her employment, Plaintiff's employer changed periodically with the purchase of or mergers with similar companies in the chemical manufacturing or production business.   However, Plaintiff

2

performed the same job duties as a chemical operator in the same facility during the vast majority of her career. At the time of her termination, she was a part of the 'infrastructure group' at the Institute facility.

10.   In 2017, Ms. Tyson's job performance evaluation resulted in her receiving a raise based on performance.

11.   During the time Ms. Tyson was employed by Defendants, she took approved medical leave under the Federal Medical Leave Act ("FMLA") in December of 2016, and returned in April 2017 due to a condition involving her right knee, osteoarthritis, that required surgery.

12.   In December of 2017, Ms. Tyson had a right knee arthroscopy, requiring her to again seek medical leave from her job, which was approved by the employers.   She was released by her physician to return to work in March 2018.

13.   Upon returning to work in March of 2018, Ms. Tyson was given a favorable job performance review for the prior year, 2017.   Approximately one week after returning to her job, in April of 2018, Ms. Tyson was informed her job was being eliminated and was offered a severance package in exchange of executing a legal release of liability claims, which Ms. Tyson refused.

14.   Ms. Tyson was one of only two female chemical operators in her division at the time of her termination, out of twenty-four employees.   She was the only employee out of the Infrastructure group that was not re-trained or transferred.   The other operators were primarily male and younger than Plaintiff, who was fifty-four (54) years old at the time of her termination.

15.   At the time of her termination, management mentioned to Plaintiff that job performance played a role in the decision to keep or discharge some employees.   Specifically, Ms. Tyson was cited to a 2016 job performance evaluation stating that she had not completed fire school training.

Ms. Tyson did in fact complete the training upon her return, and had served on the Emergency Squad for over twenty five years.  During her employment, the evaluation was not presented to Ms. Tyson or discussed with her, as she was off for medical leave during this time period.

16.    After the conversation relating to her termination, Plaintiff requested and received a copy of her 2016 evaluation.  It is noted that her 2017 job performance evaluation was so favorable that it resulted in Ms. Tyson receiving a raise based upon performance.    In fact, Ms. Tyson also recieved a performance bonus for work performed during the 2018 year with her employer post termination.

17.    Upon being terminated, Ms. Tyson discovered that her position was not eliminated as it had been presented to her.  Rather, Defendants were actually advertising for a chemical operator position- apprentices, for performing the job duties that Plaintiff previously held, despite the fact that she had been led to believe her position was being eliminated.

18.    As a result of the Defendants' wrongful conduct in terminating Plaintiff, she suffered damages, including the loss of a thirty (30) year career that she enjoyed; economic and non-economic damages as set forth below.

<strong><u>FIRST CAUSE OF ACTION</u></strong>

<strong>(West Virginia Human Rights Act-Age Discrimination)</strong>

19.    Plaintiff reiterates and incorporates each and every allegation contained in Paragraph 1-18 as is fully stated herein.

20.    Defendants' termination of the Plaintiff's employment was due, in whole or in part, to Plaintiff's age in violation of the West Virginia Human Rights Act.

21.    Defendants' failure to promote, retain, rehire and/or reinstate the Plaintiff was partly

4

due to Plaintiff's age (54 at the time), in violation of the West Virginia Human Right Act prohibiting age discrimination.

22.   As a direct and proximate result of Defendants' actions, Plaintiff suffered, and will continue to suffer, lost wages and benefits in an amount to be proven at trial.

23.   As a direct and proximate result of Defendants' actions, Plaintiff is entitled to damages for indignity, embarrassment, humiliation, and emotional distress, annoyance and inconvenience in an amount to be determined by the jury.

24.   Defendants' actions were willful, wanton, malicious and/or undertaken with reckless disregard and/or reckless indifference to the rights of the Plaintiff warranting an assessment of punitive damages against them in an amount to be determined by the jury.

25.   Defendants' actions entitle the Plaintiff to an award of attorney fees and costs.

**SECOND CAUSE OF ACTION**

**(West Virginia Human Rights Act- Gender Discrimination)**

26.   Plaintiff reiterates and incorporates each and every allegation contained in Paragraph 1-25 as is fully stated herein.

27.   Defendants' termination of the Plaintiff's employment was due, in whole or in part, to Plaintiff's gender in violation of the West Virginia Human Rights Act.

28.   Defendants' failure to promote, retain, rehire and/or reinstate the Plaintiff was partly due to Plaintiff's gender, in violation of the West Virginia Human Right Act prohibiting gender discrimination.

29.   As a direct and proximate result of Defendants' actions, Plaintiff suffered, and will continue to suffer, lost wages and benefits in an amount to be proven at trial.

30.   As a direct and proximate result of Defendant's actions, Plaintiff is entitled to damages

for indignity, embarrassment, humiliation, and emotional distress, annoyance and inconvenience in an amount to be determined by the jury.

31.     Defendants' actions were willful, wanton, malicious and/or undertaken with reckless disregard and/or reckless indifference to the rights of the Plaintiff warranting an assessment of punitive damages against them in an amount to be determined by the jury.

32.     Defendants' actions entitle the Plaintiff to an award of attorney fees and costs.

### THIRD CAUSE OF ACTION

### (West Virginia Human Rights Act – Disability Discrimination)

33.     Plaintiff reiterates and incorporates each and every allegation contained in Paragraph 1-32 as is fully stated herein.

34.     Defendants' termination of the Plaintiff's employment was due, in whole or in part, to Plaintiff's disability (osteoarthritis) and exercising her legal right to medical leave after having surgery/physical therapy of her right knee.   She returned able to perform her job duties, but upon returning, was subject to being discriminated against due to her disability.

35.     Defendants' failure to promote, retain, rehire and/or reinstate the Plaintiff was partly due to Plaintiff's disability or perceived disability, in violation of the West Virginia Human Right Act prohibiting disability discrimination and retaliation for taking medical leave as a reasonable accommodation for the same.

36.     As a direct and proximate result of Defendants' actions, Plaintiff suffered, and will continue to suffer, lost wages and benefits in an amount to be proven at trial.

37.     As a direct and proximate result of Defendants' actions, Plaintiff is entitled to damages for indignity, embarrassment, humiliation, and emotional distress, annoyance and inconvenience in an amount to be determined by the jury.

38.     Defendants' actions were willful, wanton, malicious and/or undertaken with reckless disregard and/or reckless indifference to the rights of the Plaintiff warranting an assessment of punitive damages against them in an amount to be determined by the jury.

39.     Defendants' actions entitle the Plaintiff to an award of attorney fees and costs.

### FOURTH CAUSE OF ACTION

#### (Violation of Public Policy)

40.     Plaintiff reiterates and incorporates each and every allegation contained in Paragraph 1-39 as fully stated herein.

41.     In the event Defendants claim to have less than twelve (12) employees, and in addition to the causes of action set forth above, Defendants' actions nonetheless constitute an unlawful discharge in contravention of public policy of the State of West Virginia, as outlined in *Harless v. First National Bank of Fairmont,* 162 W.Va. 116, 246, S.E.2d 270 (1978) and its progeny.

42.     The Plaintiff's termination was motivated in whole or in part by retaliation against her due to her disability, age and gender, after having returned from medical leave, and in contravention of public policy in this State as expressed by the West Virginia Human Rights Act, the West Virginia Code of State Rules and Regulations thereunder, common law, and other state and federal law prohibiting employment discrimination on these protected classes.

43.     Defendants' termination of Plaintiff, in whole or part arising out of her protected medical conditions, disability and requests for accommodation is in contravention of public policy in this State, which has recognized that the "FMLA provides a substantial public policy that could support a West Virginia common law claim for retaliatory discharge in violation of public policy, as set forth in *Harless, et al. See Vandevander v. Verizon Wireless, LLC,* 149 F.Supp.3d 724, 729 (S.D. W. Va. 2016); *Bartos v. PDC Energy,* 275 F. Supp. 755 (N.D. W.Va. 2017).

7

44.     Plaintiff's wrongful termination based upon age/gender and disability were all motivating factors in firing, failing to promote, retain, reinstate or rehire such an individual, and are all actions contrary to law and the Defendants' own internal employment practices.

45.     As a direct and proximate result of the Defendant's actions, the Plaintiff suffered wage loss; medical expenses; indignity, embarrassment, and mental anguish entitling her to damages including punitive damages; attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Damages as set forth in this Complaint, including economic, noneconomic and punitive damages.

2. Pre and post judgement interest, attorney fees and costs; and

3. Such other and further relief as this Court may deem just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.

**JULIA TYSON,**
**By counsel**

Tammy Bowles Raines, Esquire (W.Va. Bar #9708)
*Tammy Bowles Raines Law Office, PLLC*
227 Capital Street, Suite 201
Charleston, WV 25301
Ph: (304) 395-5925
Facsimile: (888) 695-7453
tammy@bowlesraineslaw.com
tbraineslaw@gmail.com
*Counsel for Plaintiff*

8

6.70

CERTIFIED MAIL





U.S. POSTAGE ≫ PITNEY BOWES

ZIP 25311   $ 006.70⁰
02 4W
0000336734 OCT  16  2019

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0002 5959 89

**Mac Warner**
Secretary of State
State of West Virginia
Phone:  304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

THE DOW CHEMICAL COMPANY
C. T. Corporation System
1627 QUARRIER ST.
CHARLESTON, WV 25311

| | |
|---|---|
| **Control Number:** 246431 | **Agent:** C. T. Corporation System |
| **Defendant:** THE DOW CHEMICAL COMPANY | **County:** Kanawha |
| 1627 QUARRIER ST. | **Civil Action:** 19-C-944 |
| CHARLESTON, WV 25311 US | **Certified Number:** 92148901125134100002595989 |
| | **Service Date:** 10/15/2019 |

I am enclosing:

 1 interrogatories, 1 request for production, 1 request for admissions, 1 summons and complaint

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of*
*process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this*
*document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

## SUMMONS
## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**JULIA TYSON,**

    **Plaintiff,**

v.

Civil Action No: 19-C-944

Judge: Bailey

**UNION CARBIDE CORPORATION,**
**A subsidiary of THE DOW CHEMICAL COMPANY, and**
**THE DOW CHEMICAL COMPANY,**

    **Defendants.**

To:   **THE DOW CHEMICAL COMPANY**
      c/o CT Corporation System
      **1627 Quarrier Street**
      **Charleston, WV 25311**

       **IN THE NAME OF THE STATE OF WEST VIRGINIA,** you are hereby summoned and required to serve upon Tammy Bowles Raines, Plaintiff's attorney, whose address is 227 Capitol Street, Suite 201, Charleston, WV 25301, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **thirty (30) days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 9/19/19

**Cathy S. Gatson, Clerk**

CLERK OF COURT

S

CERTIFIED MAIL




U.S. POSTAGE PITNEY BOWES

ZIP 25311        $ 006.70⁰
02 4W
0000338734 OCT  16  2019

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 5959 96

**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

UNION CARBIDE CORPORATON
C. T. Corporation System
1627 QUARRIER ST.
CHARLESTON, WV 25311

| | |
|---|---|
| **Control Number:** 246432 | **Agent:** C. T. Corporation System |
| **Defendant:** UNION CARBIDE CORPORATON | **County:** Kanawha |
| 1627 QUARRIER ST. | **Civil Action:** 19-C-944 |
| CHARLESTON, WV 25311 US | **Certified Number:** 92148901125134100002595996 |
| | **Service Date:** 10/15/2019 |

I am enclosing:

**1 interrogatories, 1 request for production, 1 request for admissions, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this
document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

## SUMMONS
## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**JULIA TYSON,**

      **Plaintiff,**

**v.**
                              **Civil Action No:** 19-C-944
                              **Judge:** Bailey

**UNION CARBIDE CORPORATION,**
**A subsidiary of THE DOW CHEMICAL COMPANY, and**
**THE DOW CHEMICAL COMPANY,**

      **Defendants.**

**To:**   **UNION CARBIDE CORPORATION**
        c/o CT Corporation System
        **1627 Quarrier Street**
        Charleston, WV 25311

      **IN THE NAME OF THE STATE OF WEST VIRGINIA,** you are hereby summoned and required to serve upon Tammy Bowles Raines, Plaintiff's attorney, whose address is 227 Capitol Street, Suite 201, Charleston, WV 25301, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **thirty (30) days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 9/19/19

                                **Cathy S. Gatson, Clerk**

                                CLERK OF COURT by mDale